UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC PARTANEN,<br><br>          Plaintiff,<br><br>    v.<br><br>WESTERN UNITED STATES PIPE BAND ASSOCIATION, et al.,<br><br>          Defendants. | Case No.  1:21-cv-00588-NONE-BAM<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CHANGE OF VENUE**<br><br>(Doc. 24) |

    Currently pending before the court is Defendant Western United States Pipe Band Association ("WUSPBA") and Defendant Jeff Mann's ("Defendant Mann") (collectively "Defendants") motion to transfer venue to the United States District Court, District of Nevada pursuant to 28 U.S.C. § 1404(a).  (Doc. 24.)  The matter was referred to the undersigned magistrate judge for resolution.[1]  (Doc. 28.)

---

[1]     An order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case and is a non-dispositive matter.  *See Chaker v. Becerra*, No. 2:20-cv-1248-TLN-KJN PS, 2021 WL 826167, at *1 (E.D. Cal. Mar. 4, 2021) (determining that "an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a non-dispositive matter that is within the province of a magistrate judge's authority"); *see also Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 fn. 1 (S.D. Cal. 2013) (same and collecting cases).

1

The court deemed the motion suitable for resolution without oral argument pursuant to Local Rule 230(g) and vacated the hearing set for July 30, 2021. (Doc. 43.) Having considered the moving papers, arguments and record in this action, Defendants' motion to change venue is DENIED.

## BACKGROUND

Plaintiff John Eric Partanen ("Plaintiff"), proceeding pro se, initiated this action on April 8, 2021. (Doc. 1.) According to the operative complaint, Plaintiff, a resident of Bakersfield, California, is a professional Scottish bagpiper and former member of the WUSPBA, a Nevada entity that regulates Scottish bagpiping, drumming, Scottish drum majoring, and bagpipe band contests in eight western states, including California. (Doc. 13 at ¶¶ 8, 10, 12)

In February 2018, WUSPBA terminated Plaintiff's membership. (*Id.* at ¶ 12.) Plaintiff appealed the termination to the WUSPBA Board. As a result of the dispute, and to reinstate Plaintiff's membership, the parties entered into the Western United States Pipe Band Association Music Board Informal Resolution Among the Parties John Partanen and the WUSPBA Executive Committee ("Informal Resolution"). (Doc. 13 at ¶¶ 13-14; Ex. 2 at pp. 61-62.)

In 2019, Plaintiff alleges that there was an incident at the United Scottish Society of Southern California Highland Games. Plaintiff was approached by a WUSPBA member, who informed Plaintiff that he could not allow a piper in the Kern County Pipe Band to perform with the band in contests or the band would be disqualified. The WUSPBA member reportedly accused Plaintiff of cheating and threatened the band with disqualification. After the contests, Plaintiff approached the WUSPBA member and told her that she had violated contest rules and that the piper in question was not at the contest. The WUSBA member later claimed that Plaintiff was abusive. Defendant Mann, WUSPBA's president, called Plaintiff about the incident, and the matter was later dropped. (Doc. 13 at ¶ 15.)

In 2020, Plaintiff sent emails to Defendant Mann asking for help recovering the entry fees for the 2020 Las Vegas Highland Games, which were about to be cancelled due to COVID-19. Defendant Mann and WUSPBA reportedly viewed these emails as a breach of the Informal Resolution. Plaintiff alleges that Defendant Mann reportedly responded to Plaintiff with threats

and accusations of bullying. Plaintiff claims that these were false allegations of a crime and an effort to coerce Plaintiff into silence. (Doc. 13 at ¶ 16.)

Plaintiff subsequently decided to run for vice-president of WUSPBA. Plaintiff claims that Defendants viewed this as a hostile act. Plaintiff ran his campaign by posting blogs on a Facebook page, which was prepared by WUSPBA member Gary Speed and entitled "wuspba elections." (Doc. 13 at ¶ 17.) Defendant Mann reportedly sent an email to Mr. Speed on May 12, 2020, accusing Plaintiff and Mr. Speed of copyright infringement relating to the Facebook posts. Plaintiff claims that there is no copyright or registered trademark for the term "WUSPBA" or any derivations of it. (*Id.* at ¶ 18.) Plaintiff therefore alleges that Defendant Mann falsely accused him of copyright infringement, resulting in defamation.

On September 2, 2020, Plaintiff sent an email to WUSPBA's president reminding him that WUSPBA was bound by Chapter 82 of the Nevada Revised Statutes regarding the October 2020 annual general meeting. This reminder allegedly was viewed as a hostile act by the 2020 WUSPBA executive committee and Defendant Mann in breach of the Informal Resolution. Plaintiff alleges that he was concerned that WUSPBA would not notify solo members of their right to vote by proxy as required by the Nevada statutes. Plaintiff asserts that WUSPBA did not notify its members of this right. WUSPBA also failed to gain advance consent before holding the 2020 general meeting online due to COVID-19.

At the October 2020 general meeting, Plaintiff was given two minutes to attempt to convince the membership in attendance to vote for him as the next vice president. Plaintiff reportedly was prepared to deliver a 30-minute speech and claims that two minutes was woefully inadequate. He was not elected vice president.

After the 2020 general meeting, the newly elected WUSPBA Executive Committee retained counsel in Reno, Nevada to justify termination of Plaintiff's WUSPBA membership. WUSPBA accused Plaintiff of breaching the Informal Resolution when he contacted the WUSPBA to ask for help recovering his entry fees from the Las Vegas Highland Games. WUSPBA claimed that Plaintiff made unreasonable demands and insisted that WUSPBA return the fees, not the sponsor, and if the fees were not returned, then he would take legal action.

Plaintiff claims that none of his emails contained unreasonable demands or a threat to bring legal action against WUSPBA.  WUSPBA also used Plaintiff's reminders that they must follow Nevada statutes as a violation of the Informal Resolution.

After multiple conflicts with Plaintiff, WUSPBA elected to conduct a review of Plaintiff's membership on December 5, 2020.  (*Id.* at ¶¶ 23-24.)  WUSPBA concluded its membership review on December 11, 2020, and terminated Plaintiff's membership. (*Id.* at ¶ 26.)

On December 14, 2020, Plaintiff sent a letter objecting to termination of his membership. He also sent a letter to Ken Sutherland, chairman of the WUSPBA Music Board, notifying him of an appeal.  On December 17, 2020, Plaintiff received an email from WUSPBA's counsel indicating that Plaintiff's appeals were denied.

Plaintiff then attempted to determine his new status and eventually hired counsel to gain answers.  Plaintiff's counsel reportedly was informed that Plaintiff would not be allowed to complete as a solo bagpiper in contests sanctioned by WUSPBA.  Plaintiff also could not lead or perform with the bagpipe band he co-founded in contests sanctioned by WUSPBA or the band would be disqualified.

On February 17, 2021, Plaintiff sent a personal appeal to WUSPBA's president, along with a follow-up message requesting that he be allowed to lead and perform with the Kern County Pipe Band.  WUSPBA's counsel responded, denying the personal appeals.

Gary Speed and the Kern County Pipe Band both requested that the dispute with WUSPBA regarding Plaintiff's membership be submitted to binding arbitration.  These requests were denied.

Plaintiff claims that he attempted to send this dispute to mediation or an informal settlement conference.  Plaintiff now brings suit against Defendants to reinstate his membership in the WUSPBA.  He alleges (1) unenforceability of Informal Resolution; (2) breaches of the Informal Resolution; (3) defamation of character by Defendant Mann; (4) bullying by the WUSPBA; (5) coercion by WUSPBA and Defendant Mann; (6) intentional infliction of emotional distress; and (7) statutory violations of Nevada law.  Plaintiff seeks declaratory and equitable relief, along with damages.  (*See generally* Doc. 13.)

Defendants filed the instant motion to transfer venue to the United States District Court, District of Nevada on June 14, 2021.  (Doc. 24.)  Plaintiff opposed the motion on June 21, 2021, and Defendants replied on June 25, 2021.  (Docs. 27, 29.)  Plaintiff filed a surreply on July 6, 2021.  (Doc. 34.)

On July 16, 2021, following stipulated extensions of time, Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (Doc. 37.)  The motion to dismiss is pending before the district court.

## MOTION TO TRANSFER

### Legal Standard

Title 28 U.S.C. § 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). This statute partially displaces the common law doctrine of *forum non conveniens*. *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citation and quotations omitted).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties and witnesses; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified additional factors that a court may consider when deciding a motion to transfer venue, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to

compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "Additionally, the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis . . . [and] the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499. A court also may consider "the administrative difficulties flowing from court congestion ... [and] the 'local interest in having localized controversies decided at home.'" *Decker*, 805 F.2d at 843 (citation omitted).

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. § 1404(a), and the burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Nevertheless, a district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones*, 211 F.3d at 498 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

**Analysis**

By the instant motion, Defendants contend that this action should be transferred to the District of Nevada because WUSPBA is a Nevada non-profit corporation, Nevada is most familiar with the governing case law, Nevada is the more convenient forum for all of the witnesses in this case, Defendant Mann is a resident of Utah who would be significantly less inconvenienced by venue of this dispute in Nevada and public interest factors weigh in favor of transfer. Plaintiff counters primarily that his choice of venue is proper because "the harm he has suffered, and continues to suffer has and is occurring in California, and not in Nevada" and that the WUSPBA is a Nevada corporation in name only. (Doc. 27 at 2.)

**A. Subject Matter Jurisdiction and Venue**

The court first examines subject matter jurisdiction and venue to determine whether this case could have been brought in the United States District Court, District of Nevada. 28 U.S.C. § 1404(a). Subject matter jurisdiction in this action appears to be based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions

1  "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is
2  between "citizens of different states." 28 U.S.C. § 1332(a)(1).  Plaintiff's amended complaint
3  seeks damages in excess of $75,000, and Plaintiff alleges that he resides in California, Defendant
4  Mann resides in Utah, and Defendant WUSPBA is a Nevada corporation.  (Doc. 13 at ¶¶ 8-9.)

5  As to WUSPBA, a corporation is "deemed to be a citizen of every State and foreign state
6  by which it has been incorporated and of the State or foreign state where it has its principal place
7  of business." 28 U.S.C. § 1332(c)(1).  Defendants have submitted evidence that WUSPBA is a
8  domestic non-profit corporation that is incorporated under the laws of the State of Nevada and
9  maintains a registered agent for service in Reno, Nevada.  (Doc. 24 at 5, 6; Doc. 24-1, Ex. 1).
10 Defendants also submit the declaration of Defendant Mann, president of the WUSPBA, indicating
11 that the WUSPBA is a "domestic nonprofit corporation doing business in Nevada."  (Doc. 24-2,
12 Mann Decl. at ¶ 2.)  These documents support a preliminary determination that Defendant
13 WUSPBA is a Nevada corporation with its principal place of business in Nevada.[2]

14 As to the propriety of venue in the District of Nevada, proper venue in a civil diversity
15 action includes "a judicial district where any defendant resides, if all defendants reside in the
16 same State," or "a judicial district in which a substantial part of the events or omissions giving
17 rise to the claim occurred, or a substantial part of the property that is subject of the action is
18 situated."  28 U.S.C. § 1391(b).  Here, because all defendants do not reside in the same state, the
19 question is whether a substantial part of the events or omissions giving rise to the claim occurred
20 in the District of Nevada. 28 U.S.C. § 1391(b)(2).

21 Defendants contend that this action could have been filed in the District of Nevada
22 because actions taken by WUSPBA occurred in Nevada as it is a Nevada entity.  (Doc. 24 at 12.)
23 Plaintiff counters that the WUSPBA is a Nevada corporation in name only and actions of the
24 WUSPBA do not flow from the conduct of business in Nevada, but rather from the actions of the
25 executive committee and board members of the WUSPBA, who reside in Arizona, New Mexico,

---

[2] WUSPBA asserts that by bringing the instant motion it is not consenting that federal jurisdiction exists over this case, but instead seeks to resolve venue before litigating a motion to remand. (Doc. 24 at 5.)

Colorado and Utah.  (*Id.* at 2.)  Plaintiff alleges that "all or most of the events and actions that have harmed [him] giving rise to this complaint have occurrence or have had effect on [him] within the Eastern District of California."  (Doc. 13 at ¶ 8.)  In his opposition to the motion to transfer venue, Plaintiff reiterates that "the harm he has suffered, and continues to suffer has and is occurring in California, and not in Nevada."  (Doc. 27 at 2.)

A review of the amended complaint suggests that the events and omissions complained of are connected, at least tangentially, to the District of Nevada.  WUSPBA is a Nevada corporation, suggesting that actions taken by WUSPBA occurred in Nevada.  WUSPBA reportedly regulates Scottish bagpiping, drumming, Scottish drum majoring and bagpipe band contests in eight western states of the United States, including Nevada.  (Doc 13 at ¶ 8; Doc. 27 at 2, 4.)  Further, Plaintiff's amended complaint includes allegations concerning the actions of WUSPBA, WUSPBA's Nevada-based counsel, and communications between Plaintiff and WUSPBA's counsel concerning Plaintiff's membership review and subsequent termination as a member of WUSPBA.  (*See* Doc. 13 at ¶¶ 9, 12, 22-31 and Exs. 9-11, 19-22, 25, and 26.)

Based on Defendants' apparent concession that venue is proper in the District of Nevada, and accepting that the WUSPBA is a Nevada entity and the communications and events connected with WUSPBA and its counsel are sufficient for venue purposes, the court finds that this action could have been brought in the District of Nevada.  The court now turns to analysis of whether transfer to the District of Nevada is appropriate under 28 U.S.C. § 1404(a).

**B.  Relevant 1404(a) Factors**

1. <u>The convenience of the parties and the witnesses.</u>

"Venue is primarily a matter of convenience of litigants and witnesses," *Denver & R.G.W.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967), and "[t]he convenience of witnesses is often the most important factor in resolving a motion to transfer venue." *Martinez v. Knight Transportation, Inc.*, No. 1:16-cv-01730-DAD-SKO, 2017 WL 2722015, at *5 (E.D. Cal. June 23, 2017) (citations omitted).  Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Devaux-Spitzley v. Prudential Ins. Co. of Am.,* No. 18-cv-04436-JST, 2019 WL 935137, at *3 (N.D. Cal. Feb. 26,

2019) (citation omitted).  "Transfer 'should not be granted if the effect is simply to shift the inconvenience to the plaintiff.'"  *Id.*  "To demonstrate inconvenience to witnesses, the moving party should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action." *Williams v. WinCo Foods, LLC*, No. 2:12-cv-02690-KJM, 2013 WL 211246, at *4 (E.D. Cal. Jan. 10, 2013) (citations omitted).

Defendants contend that California is the furthest possible destination for WUSPBA's witnesses and that Nevada's unofficial northern district would be "a fair compromise for travel that may be required in this case between Plaintiff who resides in California and WUSPBA whose officers largely reside in the mountain states of Utah, Colorado, Arizona, and New Mexico." (Doc. 24 at 12-13.)

Defendants have not adequately demonstrated that proposed transfer is *more* convenient for the parties and witnesses, arguing only that transfer represents a "fair compromise."  Because WUSPBA's witnesses are not located in Nevada, the court finds that the proposed transfer to Nevada likely would prove equally inconvenient for the witnesses.  As to the parties, the effect of the transfer would shift the inconvenience to the Plaintiff, who resides in this district.  The court therefore concludes that this factor weighs strongly against transfer.

2. <u>The location where the relevant agreements were negotiated and executed</u>.

The relevant agreement in this action is the Informal Resolution.  In the amended complaint, Plaintiff alleges that WUSPBA breached this agreement.  Plaintiff also alleges that WUSPBA wrongfully terminated his membership based on a claim that he had breached this same agreement. (Doc. 13 at ¶ 2.)

According to Defendants, the Informal Resolution was negotiated by various members of the music board and the Plaintiff over a teleconference call with members spread across the western states.  As the President of WUSPBA on May 14, 2018, Kevin Conquest negotiated and signed the Informal Resolution on behalf of WUSPBA from his home in Arizona. (Doc. 24 at 10-11; Doc.24-4, Conquest Decl. at ¶ 6.)  Defendants contend that because the agreement was fundamentally between Plaintiff and the WUSPBA, a Nevada non-profit, this factor is neutral.

The court is not wholly persuaded. In practical effect, the Informal Resolution was negotiated and executed by Plaintiff in California and by WUSPBA's president in Arizona. This factor therefore weighs against transfer to Nevada.

3. <u>The state that is most familiar with the governing law</u>.

Defendants contend that this factor tips heavily in Nevada's favor because one of Plaintiff's claims is for violations of Nevada Revised Statute ("NRS"), chapter 82, regarding proxy voting and because the sole legal basis for Plaintiff's wrongful termination claim stems from NRS 82.251. (Doc. 24 at 11.) Defendants assert that the "nuanced analysis required of NRS Chapter 82 as it pertains to the proxy voting procedures and Plaintiff's membership removal demonstrates that Nevada is the far better forum to adjudicate this case." (*Id.*) Plaintiff counters that both the Eastern District of California and the District of Nevada are capable of interpretation of the Nevada Revised Statutes cited in his amended complaint. (Doc. 27 at 5.)

Plaintiff's amended complaint alleges that WUSPBA wrongfully terminated his membership in violation of Nevada law. (Doc. 13 at ¶ 12.) Plaintiff's amended complaint also alleges that WUSPBA violated Nevada law regarding proxy voting by its membership. (*Id.* at ¶¶ 4, 12.) Plaintiff brings a claim for "statutory violations of Nevada law." (*Id.* at ¶¶ 47-50.)

The court finds somewhat persuasive the view that the District of Nevada would be more familiar with the Nevada statutes identified in Plaintiff's claims. However, it has been recognized that "courts in all states are fully capable of applying another state's substantive law." *Martinez v. Knight Transportation, Inc.*, No. 1:16-cv-01730-DAD-SKO, 2017 WL 2722015, at *3 (E.D. Cal. June 23, 2017) (citations omitted). "[F]ederal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 67 (2013); *Indep. Fin. Grp., LLC v. Quest Tr. Co.*, No. 3:21-CV-00537-WHO, 2021 WL 2550397, at *6 (N.D. Cal. June 22, 2021) (finding that requiring a court to apply another forum's law is not dispositive); *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 398 (S.D.N.Y. 2014) ("The forum's familiarity with the governing law is typically to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the substantive law of other states.") (internal citations and quotations omitted). This factor thus

10

weighs only slightly in favor of transfer of this action to the District of Nevada.

4. <u>The plaintiff's choice of forum</u>.

Plaintiff chose the Eastern District of California as the forum in which to litigate this action. Courts afford a plaintiff's choice of forum significant deference. "Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed on a motion to transfer." *E & J Gallo*, 899 F.Supp. at 466; *Decker*, 805 F.2d at 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). This factor therefore weighs against transfer.

5. <u>The respective parties' contacts with the forum</u>.

The court finds that this factor weighs against transfer, albeit only slightly. Plaintiff is a resident of Bakersfield, California, which is within this district. Although Defendant Mann is a resident of Utah and WUSPBA is a Nevada non-profit corporation, they are not wholly without contacts to the forum state. WUSPBA, and, in turn, its president, are involved in regulating both members and contests in California. (Doc. 24 at 11.)

6. <u>The contacts relating to the plaintiff's cause of action in the chosen forum</u>.

Defendants contend that WUSPBA's contacts with this forum are not related to Plaintiff's claims. With respect to Plaintiff's claims concerning termination of his WUSPBA membership, Defendants assert that the actions of WUSPBA occurred from Nevada as WUSPBA is a Nevada entity and Plaintiff's membership review involved WUSPBA's officers participating from their respective homes with counsel present in Reno, Nevada. (Doc. 24 at 12.) Defendants emphasize that when WUSPBA terminated Plaintiff's membership, it performed such action as a Nevada entity and pursuant to the laws of Nevada. (*Id.*) Defendants therefore conclude that other than Plaintiff being present in California, there is no relation between any of WUSPBA's sanctioned contests in California and Plaintiff's claims. (*Id.*)

Plaintiff's allegations primarily concern the termination of his WUSPBA membership and the events leading up to that termination. Indeed, the underlying basis for termination of Plaintiff's membership appears to be conduct engaged in by Plaintiff in California. This factor therefore weighs against transfer.

11

7. <u>The availability of compulsory process to compel attendance of unwilling non-party witnesses</u>.

The court's power to subpoena unwilling witnesses is limited by Federal Civil Procedure Rule 45, which provides that a court can command a person to attend trial, hearing, or deposition, within 100 miles of where the person resides, is employed, or regularly transacts business in person. See Fed. R. Civ. P. 45(c). As best as the court can determine, the parties have not identified any potentially unwilling non-party witnesses residing, working or transacting business in person in Nevada. Defendants primarily identified witnesses located in states outside of both California and Nevada. This factor is therefore neutral.

8. <u>The ease of access to sources of proof</u>.

Defendants contend that this factor tips in favor of Nevada because of the location of witnesses. However, the convenience of the witnesses has been addressed above. Insofar as the sources of proof consist of the Informal Resolution and other documents, such as e-mail and written correspondence, this factor is ultimately neutral as "advances in technology have made it easy for documents to be transferred to different locations." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F.Supp.2d 1141, 1148 (C.D. Cal. 2009); *Henson v. Fid. Nat. Fin., Inc.*, No. 1:13-CV-01452-AWI, 2014 WL 641978, at *10 (E.D. Cal. Feb. 18, 2014) ("It appears that this factor will ultimately yield a neutral outcome, whether due to the existence of sources of proof in both [venues] or due to the ease of accessing digital records regardless of where they are actually located.").

9. <u>The presence of a forum selection clause</u>.

According to Defendants, Plaintiff has taken the position that the WUSPBA bylaws mandate that this dispute be arbitrated in Washoe County, Nevada. (Doc. 24 at 13, citing Doc. 13 at 29:8-14.) WUSPBA has taken the position that its bylaws "do not control or cover this dispute." (Doc. 24 at 14.)

In relevant part, WUSPBA's bylaws include the following choice of law provision: "[i]n the event that such dispute involves questions of law, such questions, including interpretation of these bylaw and contest rules, shall be determined pursuant to the laws of the State of Nevada."

(Doc. 24-5, Ex. 5 at § 69.1.)  Additionally, if the dispute is subject to arbitration, WUSPBA's bylaws states that "[a]ny arbitration under these rules shall occur in Reno, Washoe County, Nevada."  (*Id.*)

Plaintiff's first amended complaint does not directly allege that WUSPBA's bylaws mandate arbitration of his claims.  Rather, the amended complaint alleges that the WUSPBA should honor the two requests submitted by a WUSPBA member and a WUSPBA member pipe band to submit the dispute between the WUSPBA and Plaintiff to binding arbitration under the bylaws.  (Doc. 13 at 29:10-18.)   Nevertheless, the court acknowledges that Plaintiff has filed a separate motion seeking to compel arbitration under WUSPBA's bylaws.  (*See* Doc. 39.)  That motion has not been noticed for hearing and remains pending on the court's docket.

For purposes of the instant motion, however, Plaintiff argues that venue in this district is appropriate, thereby discounting the applicability of the forum selection clause and arbitration provision in WUSPBA's bylaws.  In contrast, Defendants now cite the bylaws and forum selection clause to support transfer, contending that if the bylaws do apply to this dispute, then the bylaws contain a valid forum selection clause and this court should defer to the forum selection clause for the sake of efficiency.  (Doc. 29 at 3-4.)

At this juncture, the court declines to determine the applicability of WUSPBA's bylaws.  As indicated, a motion to compel arbitration has been filed and will allow the parties to fully brief the issue.   Additionally, given their prior insistence that the bylaws are not applicable, Defendants will not be heard to invoke the bylaws and its forum selection clause solely to gain a more favorable outcome on the instant motion to transfer venue.  This factor therefore does not weigh in favor of transfer.

        10. <u>Public policy of the forum state</u>.

Defendants urge that the public policy of the State of Nevada weighs heavily in favor of adjudicating disputes involving corporations that are deemed to reside in Nevada, citing *Trinfo, Inc. v. Gob. Graphic Res. LLC*, No. 2:19-cv-01164-RFB-DJA, 2021 WL 916918, at *5 (D. Nev. Mar. 10, 2021).  However, the public policy of the State of California weighs in favor of adjudicating disputes involving its residents. *See, e.g., Play N Trade Franchise, Inc. v. Torres*,

No. 2:10-cv-03578-JHN-MLGx, 2010 WL 11601050, at *5 (C.D. Cal. Aug. 12, 2010) ("In addition, the public policy of the forum state, here California, is certainly to provide a forum in which its citizens may protect their legal interests."). This factor is therefore neutral.

11. <u>The venues' relative congestion</u>.

"The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1196 (S.D. Cal. 2007); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). But a court "should not transfer a case on the basis of docket congestion after determining the balance of the other factors weighs against transfer." *Costco Wholesale Corp.*, 472 F.Supp.2d at 1196.

Defendants argue that this factor greatly favors transfer because the Eastern District of California is "experiencing nothing short of a judicial emergency," but the District of Nevada is under "no similar constraints." (Doc. 24 at 14.) As Defendants correctly point out, this district is currently operating under a judicial emergency and there can be no dispute that this district has long labored under one of the nation's heaviest caseloads. (Doc.6-2, Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.) The parties have presented no evidence that the District of Nevada is similarly impacted. This factor therefore weighs heavily in favor of transfer to the District of Nevada. However, because other factors, such as the convenience of the parties and witnesses, tend to weigh against transfer, the court will not transfer the case based solely on docket congestion.

**CONCLUSION AND ORDER**

Having weighed the factors that inform the analysis under § 1404(a), the court concludes that, on balance, transfer is not appropriate at this time. Accordingly, Defendants' motion to transfer venue to the District of Nevada is DENIED.

IT IS SO ORDERED.

Dated:   **August 5, 2021**           /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE