UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC PARTANEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WESTERN UNITED STATES PIPE BAND ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00588-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL BINDING ARBITRATION**<br><br>(Doc. 39) |

**I.     Introduction**

Plaintiff John Eric Partanen ("Plaintiff"), proceeding pro se, initiated this civil action on April 8, 2021.  The action proceeds on Plaintiff's first amended complaint against Defendants Western United States Pipe Band Association ("WUSPBA") and Jeff Mann (collectively "Defendants") arising from termination of Plaintiff's WUSPBA membership.   (Doc. 13.)

Currently pending before the Court is Plaintiff's Motion to Compel Binding Arbitration filed on July 26, 2021.  (Doc. 39.)  Defendants opposed the motion on August 27, 2021.  (Doc. 51.)  Plaintiff replied on September 2, 2021.  (Doc. 59.)  The district court directed that the motion would be heard and decided on the papers.  (Doc. 48.)  The action was subsequently

reassigned to a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c)(1). (Doc. 57.)

Having considered the parties' briefs, arguments, and record in this action, Plaintiff's Motion to Compel Binding Arbitration will be denied.

## II.     Motion to Compel Binding Arbitration

### A.  Background

Plaintiff is a professional Scottish bagpiper and former member of the WUSPBA, a Nevada entity that regulates Scottish bagpiping, drumming, Scottish drum majoring, and bagpipe band contests in eight western states, including California. (Doc. 13 at ¶¶ 8, 10, 12.)

In February 2018, WUSPBA terminated Plaintiff's membership. (*Id.* at ¶ 12.) Plaintiff appealed the termination to the WUSPBA Board. As a result of the dispute, and to reinstate Plaintiff's membership, the parties entered into the Western United States Pipe Band Association Music Board Informal Resolution Among the Parties John Partanen and the WUSPBA Executive Committee ("Informal Resolution") pursuant to Article 18, Section 68 of the WUSPBA Bylaws. (Doc. 13 at ¶¶ 13-14; Ex. 2 at pp. 61-62.) The Informal Resolution set forth expectations for Plaintiff as follows:

1. Will assign all WUSPBA-related administrative activity concerning Pipe Bands he is involved with to other designated representatives of these Pipe Bands, e.g., Pipe-Sergeant or Band Manager.
2. As a show of respect for his fellow colleagues in WUSPBA, will refrain from referring to any member of the WUSPBA Executive Committee, WUSPBA Music Board, WUSPBA Adjudication Panel, or other volunteers representing WUSPBA in a disrespectful or condescending manner in written, digital or verbal communication.
3. Will refrain from threats of legal actions over matters that have been or have attempted to be reasonably addressed by following the processes contained in the WUSPBA Bylaws, Contest Rules, Code of Conduct and associated administrative procedures.
4. Will issue a written apology to the WUSPBA Executive Committee and Music Board for the distress caused to them by

   - statements made by him threatening legal action;
   - accusations of malfeasance; and
   - disparaging remarks regarding their qualifications.

(*Id.*, Ex. 2 at 62.) The Informal Resolution advised that "[a]ny deviation from the expectations of [Plaintiff] as stated above will result in a review by the WUSPBA Executive Committee and

could result in suspension or banishment of [Plaintiff] from membership in WUSPBA." (*Id.*)

After multiple conflicts with Plaintiff, WUSPBA elected to conduct a review of Plaintiff's membership on December 5, 2020. (Doc. 13 at ¶¶ 23-24.) Relying in part on the Informal Resolution, WUSPBA concluded its membership review on December 11, 2020, and terminated Plaintiff's membership. (*Id.* at ¶ 26.)

By the instant motion, Plaintiff moves to compel binding arbitration in reliance on WUSPBA's bylaws. (Doc. 38 at 2.)

### B. WUSPBA's Bylaws

Article 18 of WUSPBA's bylaws ("Bylaws") governs dispute resolution for "[a]ny band or individual member aggrieved by a decision of the Executive Committee." (Ex. 1 to Doc. 39, Bylaws, Article 18, § 67.) Article 18 contemplates a multi-step resolution procedure, with the first step being reconsideration by the Executive Committee. (*Id.*). Thereafter, the Bylaws provide:

> 68. <u>Music Board Informal Resolution</u>: If the band or individual continues to be aggrieved following the receipt of written notification of the Executive Committee's ruling, the aggrieved party may request that the matter be submitted to the Music Board for informal resolution.
>
> …
>
> 69. <u>Binding Arbitration</u>: Any dispute resulting from any decision of the Executive Committee which cannot be resolved with a request for reconsideration or informal resolution by the Music Board shall be resolved by binding arbitration pursuant to the Rules of the American Arbitration Association.
>
>    69.1. <u>Jurisdiction of Law</u>: In the event that such dispute involves questions of law, such questions, including interpretation of the bylaw and contest rules, shall be determined pursuant to the laws of the State of Nevada. Any arbitration under these rules shall occur in Reno, Washoe County Nevada.
>
>    69.2. <u>Commencement of Proceedings</u>: Arbitration proceedings shall be commenced upon written demand for arbitration from any member band through it authorized representative or from any individual member currently in good standing with the Association.

(*Id.* at §§ 68, 69, 69.1, 69.2.)

///

///

**C. Discussion**

    1. Plaintiff's Position[1]

Plaintiff asserts that the disputes between the parties began on November 20, 2020, when he received notice that WUSPBA would review his membership on December 5, 2020. Following termination of his membership, Plaintiff appealed to the WUSPBA Executive Committee and requested reconsideration by the WUSPBA Music Board. The appeal and request were denied. Plaintiff then attempted to resolve the disputes by suggesting informal settlement negotiations and mediation, but these suggestions were refused. (Doc 39 at 3-4.)

In February 2021, Plaintiff's counsel contacted WUSPBA's attorney regarding Plaintiff's status. (Doc. 59 at 4-5.) Plaintiff's counsel reportedly was told that Plaintiff could not compete in WUSPBA-sanctioned solo piping contests and that if he participated with his band—the Kern County Pipe Band—then the band would be disqualified. (*Id.*)

On March 17, 2021, Plaintiff received an email message from WUSPBA's counsel confirming that Plaintiff would be disqualified in any WUSPBA-sanctioned solo bagpiping contests and that the Kern County Pipe Band also would be disqualified if Plaintiff participated in or led the band in WUSPBA-sanctioned contests. (Doc. 39 at 4-5, Ex. 2.) Plaintiff asserts that this email message "gave members of the Kern County Pipe Band, past members of the Kern County Pipe Band, and instructor members of the Kern County Pipe Band that are members in good standing of the WUSPBA legal standing to demand that the disputes between [Plaintiff] and the WUSPBA be resolved per the WUSPBA bylaws by Binding Arbitration." (Doc. 39 at 5.) Plaintiff further asserts that this message "gives the Kern County Pipe Band, a WUSBA member band in good standing legal standing to demand that the disputes between the parties be resolved per the WUSPBA bylaws by Binding Arbitration." (*Id.*)

Plaintiff then asked Mr. Gary Speed, a WUSPBA instructor-member in good standing, and the Kern County Pipe Band, a WUSPBA member-band in good standing, to send in requests for the dispute between Plaintiff and WUSPBA to be settled by binding arbitration. (Doc. 59 at

---

[1] Plaintiff's position is derived from his moving and reply papers. (Docs. 39 and 59.)

4

5.) Plaintiff avers that two requests were sent to the WUSPBA Executive Secretary requesting binding arbitration: one from Mr. Speed and one from the Kern County Pipe Band. These requests reportedly were denied on the grounds that neither Mr. Speed nor the Kern County Pipe Band had legal standing to request binding arbitration to resolve disputes between Plaintiff and WUSPBA. (Doc. 39 at 5.) Plaintiff claims that the "denial to send the disputes to Binding Arbitration is contrary to the bylaws of the WUSPBA." (*Id.*) The denial purportedly "prompted [Plaintiff] to file a Motion with the Court on May 27, 2021 that the WUSPBA comply with its bylaws and submit the dispute between the parties to Binding Arbitration." (Doc. 59 at 5.) That motion was disregarded by the Court based on the status of the action. However, Plaintiff's instant motion asks the Court to compel WUSPBA to participate in binding arbitration to resolve the disputes.

### 2. Defendants' Position

Defendants argue that Plaintiff's motion to compel should be denied for multiple reasons. First, Defendants contend that the Informal Resolution governs the dispute between the parties, and it does not include a right to arbitration. Second, Defendants argue that Plaintiff cannot rely upon the requests of non-parties to this litigation to submit this case to binding arbitration. Defendants also assert that the non-party requests for arbitration were procedurally invalid for a variety of reasons, including the non-parties' lack of standing to request dispute resolution regarding Plaintiff's membership. Third, Defendants argue that the Bylaws do not apply to this dispute and, because Plaintiff is no longer a WUSPBA member in good standing, he has no right to compel arbitration.

### 3. Analysis

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation marks and citation omitted). When faced with a motion to compel arbitration, the "threshold inquiry is whether the parties agreed to arbitrate." *Romero v. Watkins & Shepard Trucking, Inc.*, No. 20-55768, 2021 WL 3675074, at *1

5

(9th Cir. Aug. 19, 2021), quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988).

The relevant agreement between the parties, which forms the crux of the dispute in this case, is the Informal Resolution. Neither Plaintiff nor Defendants contend that the Informal Resolution contains an arbitration provision. Plaintiff also does not contend that he is entitled to compel arbitration under the terms of the Informal Resolution. In the absence of an agreement to arbitrate, the Court cannot compel arbitration.

Plaintiff also fails to demonstrate that he is entitled to compel arbitration under the Bylaws. Although the Bylaws contemplate arbitration of certain disputes, the Bylaws only allow for commencement of arbitration proceedings "upon written demand for arbitration from any member band through its authorized representative or *from any individual member currently in good standing* with the Association." (Ex. 1 to Doc. 39, Bylaws, Article 18, § 69.2.) According to the record before the Court, Plaintiff's WUSPBA membership was terminated effective December 11, 2020, and he was no longer an individual in good standing as of that date. (Doc. 13, Ex. 15.)

Moreover, Plaintiff does not contend that he submitted a written demand for arbitration in accordance with the Bylaws or, critically, that he was permitted to do so under the Bylaws' terms. Instead, Plaintiff's moving and reply papers implicitly appear to recognize that his membership status precluded him from invoking the arbitration provision, resulting in his current effort to invoke the purported rights of *other* WUSPBA members (or member bands) in good standing to compel arbitration of the instant dispute. (*See* Doc. 39 at 5; Doc. 59 at 5.) Generally, the contractual right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993). Plaintiff has not demonstrated that he possesses the right to compel WUSPBA to arbitrate the purported disputes of other WUSPBA members under any cognizable theory.

///

///

6

### III. Conclusion and Order

For the reasons stated, Plaintiff's Motion to Compel Binding Arbitration (Doc. 39) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **November 2, 2021**                    /s/ Barbara A. McAuliffe             
                                                                    UNITED STATES MAGISTRATE JUDGE