1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

JOHN ERIC PARTANEN,

Case No.  1:21-cv-00588-BAM

12

Plaintiff,

**ORDER DENYING PLAINTIFF'S MOTION TO DECLARE VOID A VOIDABLE BILATERAL AGREEMENT**

13

v.

14

WESTERN UNITED STATES PIPE BAND ASSOCIATION, et al.,

(Doc. 41)

15

16

Defendants.

17

18

19

### I.      Introduction

20

Plaintiff John Eric Partanen ("Plaintiff"), proceeding pro se, initiated this civil action on

21

April 8, 2021.  This action proceeds against Defendants Western United States Pipe Band

22

Association ("WUSPBA") and Jeff Mann (collectively "Defendants") arising from termination of

23

his WUSPBA membership.   (Doc. 13.)  By separate order, the Court has granted Defendants'

24

motion to dismiss Plaintiff's First Amended Complaint with leave to amend certain claims.

25

Currently pending before the Court is Plaintiff's Moton to Declare Void a Voidable

26

Bilateral Agreement filed on July 26, 2021. (Doc.  41.)  Defendants opposed the motion on

27

August 27, 2021.  (Doc. 52.)  Plaintiff replied on September 2, 2021.  (Doc. 60.)  The Court

28

1

directed that this motion would be heard and decided on the papers.  (Doc. 48.)  Based on the parties' consent, the action was subsequently reassigned to a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 57.)

Having considered the parties' briefs and record in this action, Plaintiff's Moton to Declare Void a Voidable Bilateral Agreement will be denied.

## II.    Motion to Declare Void a Voidable Bilateral Agreement

### A. Background[1]

Plaintiff is a professional Scottish bagpiper and former member of the WUSPBA, a Nevada entity that regulates Scottish bagpiping, drumming, Scottish drum majoring, and bagpipe band contests in eight western states, including California.  (Doc. 13 at ¶¶ 8, 10, 12)

In February 2018, WUSPBA terminated Plaintiff's membership.  (Id. at ¶ 12.)  Plaintiff appealed the termination to the WUSPBA Board.  As a result of the dispute, and to reinstate Plaintiff's membership, the parties entered into the Western United States Pipe Band Association Music Board Informal Resolution Among the Parties John Partanen and the WUSPBA Executive Committee ("Informal Resolution"). (Doc. 13 at ¶¶ 13-14; Ex. 2 at pp. 61-62.)

After multiple conflicts with Plaintiff, WUSPBA elected to conduct a review of Plaintiff's membership on December 5, 2020.  (Id. at ¶¶ 23-24.)  Relying in part on the Informal Resolution, WUSPBA concluded its membership review on December 11, 2020 and terminated Plaintiff's membership. (*Id*. at ¶ 26.)

By the instant motion, Plaintiff seeks a declaration that the Informal Resolution is void, arguing undue influence, unconscionability, and breach of the agreement by WUSPBA.  (Doc. 41 at 3-5.)  Defendants respond that Plaintiff's motion should be denied on three separate grounds: (1) Plaintiff has failed to establish any of his three bases for invalidating the terms of the Informal Resolution; (2) Plaintiff's motion is procedurally improper and premature; and (3) Plaintiff's motion will be rendered moot if the Court grants Plaintiff's motion to dismiss.  (Doc. 52 at 2.)  In reply, Plaintiff argues the merits of his request, but indicates that he is prepared to withdraw this

---

[1]    The factual background is derived from Plaintiff's First Amended Complaint, which has been dismissed with leave to amend to cure certain deficiencies.

1   motion and present it in the future as a motion for summary judgment if the Court so orders.

2   (Doc. 60 at 6.)

3                              **B.  Discussion**

4        The Court has issued a separate, contemporaneous order granting Defendants' motion to

5   dismiss the First Amended Complaint.  In that order, Plaintiff's claims seeking invalidation of the

6   Informal Resolution on the grounds of undue influence or unconscionability were dismissed with

7   prejudice and *without leave to amend*.  In the absence of an operative complaint, Plaintiff's

8   motion seeking declaratory relief or invalidation of the Informal Resolution is moot.

9        Notwithstanding the Court's dismissal of the operative complaint, Plaintiff's motion

10  seeking declaratory relief is procedurally improper.  *See, e.g.*, *Owen v. City of Portland*, 236

11  F.Supp.3d 1288, 1298 (D. Ore. 2017) (declaratory relief available at end of lawsuit, but not as

12  preliminary relief; noting that a federal court "has no authority to grant a motion seeking

13  temporary declaratory relief"); *Centrifugal Acquisition Corp. v. Moon*, No. 09–C–327, 2010 WL

14  152074, at *1 (E.D. Wis. Jan. 14, 2010) ("there is no such thing as a motion for declaratory

15  relief").

16       In *Kam–Ko Bio–Pharm Trading Co. Ltd–Australasia v. Mayne Pharma (USA) Inc.*, 560

17  F.3d 935 (9th Cir. 2009), the Ninth Circuit held as follows:

18       a party may not make a *motion* for declaratory relief, but rather, the party must
         bring an *action* for a declaratory judgment. Insofar as plaintiffs seek a motion for
19       a declaratory judgment, plaintiffs' motion is denied because such a motion is
         inconsistent with the Federal Rules. The only way plaintiffs' motion can be
20       construed as being consistent with the Federal Rules is to construe it as a motion
         for summary judgment on an action for a declaratory judgment.
21

22  560 F.3d 943, *quoting Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456

23  (S.D.N.Y. 1995) (emphasis in original). The Court declines to construe Plaintiff's motion as one

24  for summary judgment. Plaintiff's moving papers do not satisfy the requirements for a motion for

25  summary judgment under either Federal Rule of Civil Procedure 56 or Local Rule 260.

26  ///

27  ///

28  ///

3

### III.     Conclusion and Order

For the reasons stated, Plaintiff's Motion to Declare Void a Voidable Bilateral Agreement is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 4, 2021**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE